(35 Misc. Rep. 35.)

KELLER v. STRAUSS.

(Supreme Court, Appellate Term. April 26, 1901.)

1. CONDITIONAL SALES—CONTRACTS.
     Where goods were sold and delivered under a contract by which de-
     fendant had the privilege of returning such of the goods as were not re-
     sold by him, such transaction was not a conditional sale.

2. SAME—ACTION FOR PRICE—BURDEN OF PROOF.
     Where, in an action to recover for goods sold and delivered, defendant
     claimed that under the terms of sale he was privileged to return such of

the goods as were not sold, and he assumed the burden of proving such right, an instruction that he had the burden of proof respecting his claim was not prejudicial.

3. SAME—PREPONDERANCE OF EVIDENCE.

It was not error to charge that it was incumbent on defendant to establish the fact of an agreement conferring the right to rescind the contract by a preponderance of the evidence.

Appeal from judgment of municipal court, borough of Manhattan, Fifth district.

Action by Maurice S. Keller against Joseph Strauss. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Action to recover the agreed price of goods sold and delivered, the defense being that, according to the terms of purchase, the defendant was privileged to return such of the goods as were not resold by him, and to that extent to rescind his purchase. The jury found for the plaintiff in the amount sued for.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

House, Grossman & Vorhaus, for appellant.

Abr. A. Joseph, for respondent.

BISCHOFF, P. J. To the trial justice's charge that the defendant had the burden of proof respecting his claim of a right to rescind his purchase to the extent of the goods returned the defendant excepted. No other error is claimed on this appeal. We accede to the contention of the appellant's counsel that the transaction between the parties was erroneously alluded to upon the trial as a "conditional sale." It appeared from the testimony of both parties beyond dispute that title to the goods passed to the defendant unconditionally; the latter's only contention being that at the time of his purchase it was agreed that he could return such of the goods as had failed of a resale by him. But, obviously, counsel does not differentiate between the burden of proof and the preponderance of the evidence. Underh. Ev. § 247. The fixing of the burden of proof was with the justice as matter of law, and as a preliminary to the introduction of evidence. The record does not disclose that any question arose with regard to it while the trial was in progress. Quite to the contrary, the defendant appears to have assumed the burden of proving the right to rescind, and that there was evidence in support of the defense is inferable from the fact that the case was submitted to the jury upon that point. The instruction excepted to was, therefore, wholly innocuous, and no prejudice to the defendant could have resulted therefrom. Moreover, it was consistent with the defendant's attitude upon the trial.

Again, the charge, considered as the embodiment of a proposition of law, was not inaccurate. It may not have been needful, or even appropriate, but non constat that it was error. Upon proof of the delivery of the goods to the defendant under the latter's agreement to purchase, without more, the plaintiff was entitled to the direction of a verdict in his favor. It was not incumbent upon him to prove a negative, the absence of a right upon the defendant's

part to rescind, wholly or in part. In so far, therefore, as the defense was founded upon the claim of such a right, it involved the affirmation of new matter, which, if not proved, was inevitably unavailing. 5 Am. & Eng. Enc. Law (2d Ed.) p. 24. And if we assume that the trial justice meant that it was incumbent upon the defendant to establish the fact of an agreement conferring the right to rescind by a preponderance of the evidence, and that the jury so understood it, the charge was none the less correct. Having the affirmative of the particular issue, the defendant must needs have failed had the evidence respecting it been found to be in even balance. The defense, in that event, would not have been maintained.

The judgment should be affirmed, with costs.